In the Matter of H. BARRY SHULTZ (Admitted as HOWARD BARRY SHULTZ), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 1, 1988

## APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*H. Barry Shultz,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

On March 22, 1965, respondent was admitted to the practice of law by the Appellate Division, First Department, under the name Howard Barry Shultz. He was then admitted to the practice of law in New Jersey in 1966. Prior to 1983 he was a member of the law firm of Fleisher, Shultz and Schwimer in New Jersey.

By a five-count indictment filed April 25, 1984, by the Office of Attorney Ethics of the Supreme Court of New Jersey, respondent and two other members of his firm were charged with a multitude of acts of professional misconduct occurring between the years 1981 and 1983. These acts involved, *inter alia,* the misuse, commingling, misappropriation and gross negligence in the handling of clients' funds. The evidence disclosed at a hearing before the Ethics Committee on October 29, 1984, revealed that to alleviate the firm's cash flow problem, respondent and his partners commingled funds from their operating account into their clients' trust account and thereafter paid all obligations, whether operating expenses or clients' disbursements, from this one account. At times they overdrew on their account.

Based on the findings of fact by the Ethics Committee, the Disciplinary Review Board concluded that respondent and his partners intentionally misappropriated clients' funds and recommended disbarment of all three. By decision dated May 28, 1986, the Supreme Court of New Jersey, one Justice dissenting, found overwhelming evidence of intentional misappropriation of clients' funds, and by order dated May 29, 1986, disbarred respondent.

By notice of petition dated February 24, 1988, the Departmental Disciplinary Committee for the First Judicial Department seeks an order of this court pursuant to 22 NYCRR 603.3 disbarring respondent from the practice of law in New York. Court rule 603.3 provides that any attorney who has been disciplined in a foreign jurisdiction is subject to discipline by this court as well for the conduct which gave rise to the discipline in the foreign jurisdiction. The nature, extent and duration of the misappropriation of clients' funds, as found by the New Jersey Supreme Court, proves respondent's unfitness to practice law and warrants disbarment in this State as well. *(See, Matter of Monaghan,* 129 AD2d 755, 756.) Having failed to raise any of the defenses enumerated in court

rule 603.3 (c) and, furthermore, having violated subdivision (d) of the rule by failing to advise this court of his disbarment in New Jersey, respondent is adjudged guilty of serious professional misconduct and should be and is hereby disbarred from the practice of law in this State.

MURPHY, P. J., ROSS, CARRO, ASCH and MILONAS, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York effective immediately.